UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Phenix Mutual Fire</u>
<u>Insurance Company</u>

    v.                              Civil No. 12-cv-273-JD

<u>Stanley Convergent Security</u>
<u>Solutions, Inc.</u>


O R D E R

Phenix Mutual Fire Insurance Company brought an action against Stanley Convergent Security Solutions, Inc., seeking to recover the amount Phenix paid to James and Jennifer Barall for water damage to their vacation home in Peterborough, New Hampshire.  Phenix alleges that the water damage occurred because part of the security system installed in the Barall's vacation home by Stanley failed to work properly.  Stanley moves for leave to file a third-party complaint against James Barall, to assert claims for indemnification under the "Residential Agreement" for installation of the system.  Phenix objects to the motion.  Stanley's motion for leave to file a reply was granted, and Phenix's motion for leave to file a surreply was also granted.


## Background

James and Jennifer Barall own a vacation house in Peterborough, New Hampshire.  On December 18, 2007, James Barall

hired HSM Electronic Protection, Services, Inc., to install a monitoring system for remote monitoring of motion, smoke, and heat in the house.[1] The installation was done pursuant to the Residential Agreement, signed by James Barall and Pamela Toscano for HSM Electronic Protection Services, Inc. Phenix provided insurance for the vacation house.

The Residential Agreement provides the amount to be paid for installation and for the monitoring service. The Agreement includes a section for "Repair Service," which is not checked.[2] The Agreement also has several paragraphs pertaining to limits of liability, including a section that states:

> CUSTOMER AGREES TO INDEMNIFY AND HOLD HARMLESS HSM [STANLEY], ITS EMPLOYEES, AGENTS, OR REPRESENTATIVES, FROM AND AGAINST ALL CLAIMS, LAWSUITS AND LOSSES, BY PERSONS NOT A PARTY TO THE AGREEMENT, ALLEGED TO BE CAUSED BY THE IMPROPER OPERATION OF THE SYSTEM AND/OR SERVICE, WHETHER DUE TO MALFUNCTIONING OR NON-FUNCTIONING OF THE SYSTEM OR THE NEGLIGENT PERFORMANCE OR NONPERFORMANCE BY HSM [STANLEY] OF THE INSTALLATION, REPAIR, MONITORING, SIGNAL-HANDLING, OR DISPATCHING ASPECTS OF THE SERVICES.

---

[1]Stanley represents that HSM is its predecessor in interest. The court will refer to Stanley rather than HSM. To the extent Phenix challenges Stanley's status, that issue is not addressed here.

[2]That option states: "Repair Service (if any) is provided as set forth on the Schedule of Service and Protection." The Schedule of Service and Protection includes five possible service plans, but none were chosen. The service fee included only monitoring the system.

On July 17, 2009, Barall hired Stanley to relocate a temperature sensor for the monitoring system.  The relocation work was done under a service invoice that described the work to be done at a cost of $475.00.  The temperature sensor was supposed to send an alarm to the central monitoring station if a low temperature were detected.  On February 8, 2011, a low temperature condition occurred in the house, but the sensor did not send an alarm to the station.  A water pipe in the house froze and then burst.  Water from the broken pipe ran through the house and damaged or destroyed the Baralls' property.

The Baralls made an insurance claim to Phenix for their damaged and destroyed property.  Phenix paid $114,822.92 to the Baralls for the damage.  A subsequent investigation showed that the relocated temperature sensor was not properly wired to the alarm system which prevented the alarm from being transmitted to the monitoring station when the low temperature condition occurred.

Phenix, as the subrogee of the Baralls' rights against those responsible for the damage, brought suit against Stanley to recover the amount paid to the Baralls.  Phenix brought claims of negligence, breach of contract, and breach of implied warranty.

Discussion

Stanley moves for leave to implead James Barall through a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a). In the proposed third-party complaint, Stanley brings a claim for a declaratory judgment of indemnification and a breach of contract claim based on the Residential Agreement.

Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Leave of court is required when, as here, the defendant seeks to implead a third party more than fourteen days after the answer was filed. Id. The court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

Stanley contends that James Barall has a contractual obligation under the Residential Agreement to indemnify Stanley and hold it harmless for the claims brought against it by Phenix. Phenix contends that the Residential Agreement does not apply to the repair that Stanley did to the system, relocating the temperature sensor, because the repair was governed by a separate agreement, the service invoice. Phenix also contends that the

indemnification provision does not apply because Phenix, as the subrogating insurer, stands in the shoes of James Barall as a party to the agreement.  In addition, Phenix contends that Stanley must assert its indemnification claims against Phenix as the subrogating insurer.  Stanley argues, in its reply, that Phenix does not have subrogation rights against it because James Barall expressly waived all insurers' subrogation rights in the Residential Agreement.  Phenix responds that the Residential Agreement does not apply to the relocation of the sensor.

In this case, Stanley has not demonstrated that it has colorable indemnification or breach of contract claims against James Barall based on the Residential Agreement.  In the Residential Agreement, James Barall authorized installation and agreed to pay Stanley for installation and monitoring, and Stanley agreed to install the monitoring system and to monitor the system after installation.  Barall did not choose or pay for the repair service that was offered in the Residential Agreement. Therefore, in this case, the Residential Agreement pertains only to installation and monitoring of the system.

A year and a half after the Residential Agreement was signed, Barall hired Stanley to relocate a temperature sensor. Phenix asserts that the service invoice governed that work. Stanley has not provided a colorable argument that the

Residential Agreement governed that work.  Therefore, Stanley has not shown that it has a colorable claim for indemnification against James Barall under the Residential Agreement.  In addition, because of the subrogation relationship between Phenix and Barall, Stanley has not shown that Barall, colorably, is a "nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a); see Wausau Underwriters Inc. v. Shisler, 1999 WL 529250, at *3-*4 (E.D. Pa. July 21, 1999).

## Conclusion

For the foregoing reasons, the defendant's motion to file a third-party complaint (document no. 14) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 7, 2013

cc:   Gerard A. Butler, Jr., Esquire
      Christopher A. Duggan, Esquire
      Dustin M. Lee, Esquire
      Joseph Gardner Mattson, Esquire
      Lawrence F. Walker, Esquire