UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Phenix Mutual Fire</u>
<u>Insurance Company</u>

    v.                                Civil No. 12-cv-273-JD

<u>Stanley Convergent Security</u>
<u>Solutions, Inc.</u>


O R D E R

Phenix Mutual Fire Insurance Company brought an action against Stanley Convergent Security Solutions, Inc., seeking to recover the amount Phenix paid to James and Jennifer Barall for water damage to their vacation home in Peterborough, New Hampshire.  Stanley moved for summary judgment, and Phenix objected.  Stanley moves to strike Phenix's rebuttal expert's report and paragraph 15 of James Barall's affidavit submitted in support of Phenix's objection to the motion for summary judgment. Phenix objects to the motion to strike its rebuttal expert's report but has withdrawn paragraph 15 of James Barall's affidavit.


<u>Standard of Review</u>

For purposes of summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the

record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A party challenging an opponent's evidentiary support in the summary judgment context may do so with a motion to strike or "in some substantially equivalent way," as long as the defect and the grounds supporting the objection are made clear to the court in a timely fashion.[1] Perez v. Volvo Car Corp., 247 F.3d 303, 314 (1st Cir. 2001) (construing Lacey v. Lumber Mut. Fire Ins. Co., 554 F.2d 1204, 1205 (1st Cir. 1977)).

## Background

James and Jennifer Barall own a vacation house in Peterborough, New Hampshire. On December 18, 2007, James Barall hired HSM Electronic Protection, Services, Inc., to install a monitoring system for remote monitoring of motion, smoke, and

---

[1] To the extent Phenix challenges the motion to strike as an improper means for challenging the evidence under Rule 56(c), that argument is not well-taken.

heat in the house.[2]  The installation was done pursuant to the Residential Agreement, signed by James Barall and Pamela Toscano for HSM Electronic Protection Services, Inc.  Phenix provided insurance for the vacation house.

On July 17, 2009, Barall hired Stanley to relocate a temperature sensor for the monitoring system.  Stanley technician, William Paris, relocated the sensor.  On February 8, 2011, a low temperature condition occurred in the house, but the sensor did not send an alarm to the station.  A water pipe in the house froze and then burst.  Water from the broken pipe ran through the house, damaging and destroying the Baralls' property.

The Baralls made an insurance claim to Phenix for their damaged and destroyed property, and Phenix paid for the losses.  Phenix, as the subrogee of the Baralls' rights against those responsible for the damage, brought suit against Stanley to recover the amount paid to the Baralls.  Phenix brought claims of negligence, breach of contract, and breach of implied warranty against Stanley.

---

[2]Stanley represents that HSM is its predecessor in interest.  The court will refer to Stanley rather than HSM.

                                Discussion

    Stanley moves for summary judgment on the grounds that its technician, William Paris, properly wired the temperature sensor when it was moved and that Stanley did not breach any duty owed to the Baralls.  In support of summary judgment, Stanley relies on Paris's affidavit to show what was done in moving the temperature sensor and the scope of his services at the Baralls' home.  Phenix disputes Paris's version of his interaction with the Baralls and his view of his limited obligations in performing the service.

    In support of its objection, Phenix submitted a report from its rebuttal expert, Karlton Klardie, to counter Paris's affidavit.  Stanley moves to strike all references to and reliance on Klardie's rebuttal report in opposing summary judgment, arguing that the report does not meet the standard for rebuttal and that a party cannot use rebuttal evidence to oppose summary judgment.  Phenix objects.

    Under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), a rebuttal expert opinion "is intended solely to contradict or rebut evidence on the same subject matter identified by another party."  A rebuttal opinion must directly address the subject matter of the opposing expert opinion and may not introduce new arguments or theories.  Glass Dimensions, Inc. v. State Street

Bank & Trust Co., 290 F.R.D. 11 (D. Mass. 2013) (no page cites available); Hellmann-Blumberg v. Univ. of Pacific, 2013 WL 3422699, at *2 (E.D. Cal. July 8, 2013).  Rebuttal opinions may relate to subjects covered by initial expert opinion as long as the rebuttal opinion is offered "to contradict impeach or defuse the impact of the evidence offered by an adverse party."  Lott v. ITW Food Equip. Grp. LLC, 2013 WL 3728581, at *21 (N.D. Ill. July 15, 2013) (internal quotation marks omitted).

In its motion for summary judgment, Stanley contends that the undisputed facts show that Paris properly wired the temperature sensor when he moved it during the service call on July 14, 2009.  Stanley disclosed Paris as an expert witness and cites his affidavit in support of summary judgment to show how he wired the temperature sensor and what he did at the Baralls' home on July 14, 2009.  Stanley argues that Klardie's opinion does not qualify as a rebuttal opinion because it does not contradict the factual statements in Paris's affidavit about what he did and what he was asked to do during the service call but instead provides a standard of care for service technicians in the alarm industry.

In response, Phenix states that Paris's deposition testimony is intended to give his opinion about the standard of care when responding to a service call and that Klardie's opinion rebuts

5

Paris's opinions given in his deposition.  The parts of Paris's deposition that Phenix cites, however, were not cited or relied on by Stanley in support of its motion for summary judgment.  Stanley moves for summary judgment on the issue of whether the sensor was properly wired and does not argue that Paris's service met any applicable standard of care.

Therefore, for purposes of the present motion for summary judgment only, Klardie's opinion does not contradict or rebut the statements made in Paris's affidavit.  As a result, Klardie's rebuttal opinion and references to it are struck from Phenix's objection to summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion to strike (document no. 27) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 30, 2013

cc:  Gerard A. Butler, Jr.
     Christopher A. Duggan, Esquire
     Dustin M. Lee, Esquire
     Joseph Gardner Mattson, Esquire
     Lawrence F. Walker, Esquire