UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Phenix Mutual Fire
Insurance Company</u>

    v.                                   Civil No. 12-cv-273-JD

<u>Stanley Convergent Security
Solutions, Inc.</u>


O R D E R

Phenix Mutual Fire Insurance Company brought an action against Stanley Convergent Security Solutions, Inc., seeking to recover the amount Phenix paid to James and Jennifer Barall for water damage to their vacation home in Peterborough, New Hampshire.  Stanley moves for summary judgment.  Phenix objects.[1]


<u>Standard of Review</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue is one that can be resolved in favor of either party and a material fact is one which has the

---

[1] The court previously granted Stanley's motion to strike the rebuttal expert opinion of Karlton Klardie as offered by Phenix in support of its objection to summary judgment.  Therefore, Klardie's opinion is not considered for purposes of the present motion for summary judgment.

potential of affecting the outcome of the case." Jakobeic v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013) (internal quotation marks omitted).  In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant.  Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

## Background

James and Jennifer Barall own a vacation house in Peterborough, New Hampshire.  On December 18, 2007, James Barall hired HSM Electronic Protection, Services, Inc., to install a monitoring system for remote monitoring of motion, smoke, and heat in the house.[2]  The installation was done pursuant to the Residential Agreement in early 2008.  Phenix provided insurance for the vacation house.

In response to calls from the Baralls, Stanley provided service for parts of the system during 2008 and 2009.  In July of 2009, James Barall hired Stanley to relocate the temperature sensor for the system.  Stanley technician, William Paris, was sent to perform the service on July 14, 2009.  James Barall remembers that he showed the temperature sensor to Paris, told

---

[2]Stanley represents that HSM is its predecessor in interest. The court will refer to Stanley rather than HSM.

Paris that he wanted it moved because he was concerned that it might not work in its location, and showed Paris where he wanted it to be reinstalled.  Barall believes that he made it clear to Paris that he expected the sensor to operate as a low temperature sensor.

Paris disconnected the sensor by snipping the connecting wires which caused a signal to be sent to the monitoring station. He then moved the sensor to the new location and reconnected the wires, attaching the same colored wires.  On February 8, 2011, the temperature in the house dropped below freezing, but the sensor did not send a signal to the monitoring station.  As a result, pipes in the home froze and then burst, causing damage to the house and the property inside.

As part of the current case, representatives for the parties conducted a joint inspection of the temperature sensor and concluded that it was properly wired.  The settings on the sensor, however, were not set to send an alarm for a low temperature.  Therefore, the sensor did not send a signal for the low temperature condition on February 8, 2011, because it was not set to do so.

3

## Discussion

Phenix, as the subrogee of the Baralls, brings claims against Stanley for negligence, breach of contract, and breach of the implied warranty to provide services in a good and workmanlike manner. Stanley moves for summary judgment on the ground that because the sensor was properly wired, it did not breach a duty owed to the Baralls. In response, Phenix does not dispute that the sensor was properly wired but argues that Stanley owed other duties to the Baralls when it relocated the temperature sensor.

In support of its negligence claim, Phenix alleges that Stanley was negligent in failing to properly wire the sensor, in failing to properly install the equipment in accord with the manufacturer's instructions and recommendations, in failing to properly inspect and test the sensor when it was installed, and in otherwise failing to use due care. Phenix also alleges that Stanley breached its contract to properly install the sensor and breached its implied warranty to perform the service on the sensor in a workmanlike manner. Phenix objects to summary judgment on the grounds that Stanley owed duties beyond the requirement that the sensor be properly wired.

Stanley charges that Phenix is raising a new theory in opposition to summary judgment based on an industry standard for

4

service technicians.  In its reply, Stanley contends that even if Phenix could proceed on its new theory, it lacks admissible evidence to support the theory.

Based on the allegations in the complaint, Phenix's objection is premised on the claims made there, not on a new theory.  For purposes of summary judgment, Stanley addressed only the improper wiring basis for Phenix's negligence claim.  Although Stanley raises arguments against Phenix's other claims in its reply, those arguments cannot be considered for purposes of its motion.  See, e.g., Moffat v. U.S. Dep't of Justice, 716 F.3d 244, 255 (1st Cir. 2013); Zibolis-Sekella v. Ruehrwein, 2013 WL 3208573, at *1, n.1 (D.N.H. June 24, 2013); Bougopoulos v. Altria Grp., Inc., --- F. Supp. 2d ---, 2013 WL 3105100, at *9, n.8 (D.N.H. June 18, 2013); Angela Adams Licensing, LLC v. Wal-Mart Stores, Inc., 2012 WL 7007575, at *12, n.10 (D. Me. Dec. 28, 2012).

Therefore, Stanley is entitled to summary judgment on Part A of Phenix's negligence claim and on the remainder of the negligence claims, the breach of contract claim, and breach of implied warranty claim to the extent those claims are based on a theory of improper wiring.

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 23) is granted in part and denied in part as is explained in this order.

Summary judgment is entered in favor of Stanley on Count I, Negligence, paragraph 21(a).[3]  Stanley is also entitled to summary judgment on any part of the remaining claims that are based on a theory that the temperature sensor was improperly wired when it was relocated and reinstalled.  Summary judgment is denied as to other claims or theories, which are not based on a theory that the temperature sensor was improperly wired when it was relocated and reinstalled, that Phenix alleges in the complaint.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 30, 2013

cc:  Gerard A. Butler, Jr., Esquire
     Christopher A. Duggan, Esquire
     Dustin M. Lee, Esquire
     Joseph Gardner Mattson, Esquire
     Lawrence F. Walker, Esquire

---

[3]There are two paragraph 21s in the complaint.  The second paragraph 21 is the applicable part of the negligence claim.